UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH BAKER, | Hon. Susan D. Wigenton |
| Petitioner, | |
| | Civil No. 09-3654 (SDW) |
| v. | |
| MICHELLE RICCI, | **MEMORANDUM OPINION** |
| Respondents. | |

It appearing that:

1. On July 21, 2009, Ralph Baker, a state-sentenced inmate incarcerated at New Jersey State Prison, executed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Clerk received it on July 22, 2009, together with voluminous exhibits. The Petition challenges a judgment of conviction filed on June 18, 2004, and amended on July 16, 2004, in the Superior Court of New Jersey, Union County, imposing a seven-year term of imprisonment for theft and unlawful possession of a weapon on the following grounds:

> Ground One: DENIAL OF THE RIGHT TO CONFRONT WITNESS. THE VICTIM NEVER APPEARED IN ANY PRETRIAL PROCEEDINGS, NEVER APPEARED AT TRIAL IN FACT THE VICTIM FLED THE COUNTRY, BACK TO HIS NATIVE HOMELAND OF TURKEY.
>
> Ground Two: DENIAL OF COUNSEL ON DIRECT APPEAL, PURSUANT TO REMAND MOTION PER THE APPELLATE COURT.
>
> Ground Three: DENIAL OF ACTUAL INNOCENCE, AFTER DNA IMPLICATED A THIRD PARTY.
>
> Ground Four: DENIAL OF TRANSCRIPTS FOR TRIAL AND OR TRANSCRIPTS ON MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE TO PREPARE APPEAL, INTERFERENCE WITH THE RIGHT TO DEFEND.

> Ground Five: PETITIONER WAS ILLEGALLY DETAINED, SEIZED AND SEARCHED FOR DNA WITHIN HIS INTERNAL ORGANS IN VIOLATION OF THE FOURTH AMENDMENT, DUE IN PART BECAUSE THE PETITIONER DNA WAS TAKEN ON SEPTEMBER 4, 2004, BY THE NEW JERSEY DEPARTMENT OF CORRECTIONS AND UPLOADED, INTO THE STATE DNA DATABASE.

(Docket entry #1-2 at pp. 10-13.)

2. Petitioner asserts that he appealed the conviction and sentence to the Superior Court of New Jersey, Appellate Division. A copy of the opinion of the Appellate Division is attached to the Petition. See State v. Baker, Docket No. A-3855-04T4 slip op. (N.J. Super. Ct., App. Div., Feb. 21, 2007) (Docket entry #1-5 at pp. 24-30.); see also State v. Baker, 2007 WL 517380 (N.J. Super. Ct., App. Div., Feb. 21, 2007). Petitioner challenged the conviction in the Appellate Division on the following grounds: (1) Defendant was denied a fair trial as a result of testimony elicited by the prosecutor from defendant's wife indicating that he had been incarcerated; (2) the trial court erred by failing to merge certain weapons charges; (3) the sentence was excessive; and (4) defendant is entitled to a remand pursuant to State v. Natale. (Docket entry #1-5 at p. 26.)

3. Petitioner asserts that he sought review by the New Jersey Supreme Court, which denied certification on October 20, 2008. See State v. Baker, 196 N.J. 592 (2008).

4. Petitioner asserts that he filed a motion for a new trial, which the Law Division of the New Jersey Superior Court denied on September 12, 2007. (Docket entry #1-2 at pp. 3-8.) It is not clear from the Petition that Petitioner appealed the September 12, 2007, decision to the Appellate Division and the New Jersey Supreme Court. (Docket entry #1-2 at p. 8.) This Court's independent research did not reveal any information regarding a ruling by the Appellate Division or the New Jersey Supreme Court regarding Petitioner's motion for a new trial.

5. Section 2254(a) of Title 28 provides in relevant part:

> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

6. "Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). The Habeas Rules require a § 2254 petition to specify the judgment being challenged, specify the federal grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, be typewritten or legibly handwritten, be signed under penalty of perjury by the petitioner or an authorized person, and to substantially follow the form appended to the rules. See 28 U.S.C. § 2254 Rule 2(c) & (d); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).[1]

---

[1] Habeas Rule 2 provides:

(c) **Form.** The petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury . . .

(d) **Standard Form.** The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.

28 U.S.C. § 2254 Rule 2(c), (d).

7. Local Civil Rule 81.2(a) requires a pro se § 2254 petition to be on the current § 2254 form supplied by the Clerk.  See Local Civ. R. 81.2(a); AO 241 (Rev. 10/07) at http://www.njd.uscourts.gov/ProSe/2254.pdf (last accessed Jan. 12. 2009).

8. Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.[2]  Vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court.  See Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

9. In addition, a district court may not grant a writ of habeas corpus to a person in custody pursuant to a state judgment unless the petitioner has exhausted the remedies available in the courts of the State or, in extremely limited circumstances, exhaustion is excused by 28 U.S.C. § 2254(b)(1)(B).  See Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  The Exhaustion Doctrine requires a petitioner challenging custody pursuant to a New Jersey judgment of conviction to fairly present the factual and legal basis of every federal ground to all three levels of the New Jersey courts (the Law Division and the Appellate Division of the Superior Court of New Jersey, and the New Jersey

---

[2] See also Mayle v. Felix, 545 U.S. 644, 655 (2005) ("Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court,' the court must summarily dismiss the petition without ordering a responsive pleading").

4

Supreme Court) before raising those grounds in federal court.³  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

10.  The Petition filed by Petitioner is deficient and subject to summary dismissal pursuant to Habeas Rule 4 because the Petition is not on the § 2254 form supplied by the Clerk, as required by Local Civil Rule 81.2(a).

11.  The dismissal of the Petition is without prejudice to the filing of an amended § 2254 petition on the § 2254 form provided by the Clerk within 30 days of the date of the entry of this Order.⁴

---

³ "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation and internal quotation marks omitted).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Thus, the Supreme Court "held in Rose v. Lundy, 455 U.S. 509 . . . (1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims."  Rhines v. Weber, 544 U.S. at 273.  The Supreme Court imposed "a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance."  Rhines, 544 U.S. at 274.

⁴ The current § 2254 form, which the Clerk will provide to Petitioner, requires petitioners to specify the proceedings in which each ground was presented to all three levels of the state court system.  Plaintiff is expressly directed to complete the entire form, including those portions of the form which require the petitioner to show that each ground for relief was exhausted.  In addition, if this Court orders Respondents to answer the amended petition, then in accordance with Habeas Rule 5, this Court will order Respondents to provide the record of the state court proceeding, including relevant transcripts.  Petitioner is therefore directed not to attach exhibits to the amended petition.

12. This Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because jurists of reason would not find it debatable that dismissal of the Petition without prejudice is correct. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

13. An appropriate Order accompanies this Opinion.

                                            s/Susan D. Wigenton
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Dated: January 14, 2010