UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RALPH BAKER, | : | |
| Petitioner, | : | Civil Action No. 09-3654 (KM) |
| v. | : | **MEMORANDUM AND ORDER** |
| MICHELLE R. RICCI, et al., | : | |
| Respondents. | : | |

In July 2009, pro se petitioner Ralph Baker filed a consolidated petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to challenge separate convictions in Union and Middlesex Counties.[1] DE 1. In September 2013, I granted Baker a protective stay to exhaust potential remedies in state court. DE 48, 49. I later denied Baker's requests to reopen the proceedings, finding each time that he had not exhausted his state remedies. DE 65, 67, 69, 77, 87, 89. Before the Court is a letter by Baker filed June 30, 2023, and several additional submissions. DE 90–92. The filings are difficult to decipher, but, in the midst of it, Baker requests that the Court "reopen my habeas" and "move me to Rhode Island or New Hampshire State Prison." DE 90 at 2.

It is not clear from Baker's submissions whether his claims are now fully exhausted, but it appears that since his last request to reopen these proceedings, the Appellate Division affirmed the trial court's denial of Baker's motion for a new trial and the life sentence he received for the Middlesex County conviction, *see State v. Baker*, No. A-2327-19, 2023 WL 2542732 (N.J.

---

[1] Baker is no longer in custody for the Union County conviction. DE 75 at 2. In October 2018, the Union County trial court granted Baker's motion for a new trial. DE 75-2; DE 75-3. Thereafter, upon the prosecutor's motion, the trial judge dismissed the Union County charges. DE 75-4.

Super. Ct. App. Div. Mar. 17, 2023), and the New Jersey Supreme Court denied certification, *State v. Baker*, 254 N.J. 185, 295 A.3d 221 (2023). I will thus direct respondents to respond to Baker's request to reopen the proceedings. Respondents' submission shall set forth their position as to whether Baker's claims are fully exhausted and shall include an update detailing the procedural history of Baker's case since I stayed this matter. DE 48, 49.

Baker's request for a transfer to another prison will be denied because "[a] request for a prison transfer is not cognizable under habeas." *In re Baker*, 469 F. App'x 89, 90 (3d Cir. 2012) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Baker appears to seek a transfer based on his allegations that while in his current facility, *inter alia*, unidentified individuals have threatened, assaulted, and thrown feces at him. DE 90 at 1. These allegations, which address the conditions of his confinement, are more appropriately raised in an action pursuant to 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750–51 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *In re Baker*, 469 F. App'x at 90 ("Federal law provides two avenues of relief to a state prisoner for complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a civil rights complaint, 42 U.S.C. § 1983. . . . A request for a prison transfer is not cognizable under habeas . . . [although] in limited circumstances, transfer may be available under section 1983."); *Abdul–Hakeem v. Koehler*, 910 F.2d 66, 69–70 (2d Cir. 1990) (holding that the relief the petitioner sought, i.e., a change in the place of confinement as opposed to a "release from confinement itself," "seeks only to change the conditions of his confinement" and, thus, was cognizable under Section 1983) (quotations omitted).

Accordingly, IT IS this 2d day of August 2023

**ORDERED** that the Clerk of the Court shall REOPEN this matter for the limited purpose of determining whether Baker has fully exhausted his state law claims; and it is further

**ORDERED** that, within fourteen (14) days, respondents shall file a response to Baker's request to reopen the proceedings, which shall (1) set forth their position as to whether the claims are fully exhausted and (2) include an update regarding the procedural history of Baker's case; and it is further

**ORDERED** that Baker's request for a prison transfer is DENIED; and it is finally

**ORDERED** that the Clerk shall serve this memorandum and order on Baker by regular U.S. mail.

/s/ Kevin McNulty
_____
Kevin McNulty
United States District Judge